**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTOINE PIERRE,**

    **Petitioner,**

**vs.**                                           **Case Number 4:05cv452-MP/WCS**

**ALBERTO GONZALES, et al.,**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION

This case was initiated on November 29, 2005, doc. 1, with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by *pro se* Petitioner Antoine Pierre. Petitioner alleged that he was being held in indefinite detention because his native country of Haiti refused to issue travel documents to him. Doc. 1. Petitioner stated that he had been held in the custody since May 26, 2005, and claimed it was unlikely that he would be removed within "the reasonably foreseeable future." *Id.* Thus, Petitioner sought release from custody pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001). *Id.*

Service was ordered on January 12, 2006, and Respondents directed to file a response. Doc. 4. After being granted an enlargement of time to file the Answer,

Case 4:05-cv-00452-MP-WCS   Document 16   Filed 07/11/06   Page 2 of 3

Respondents filed a motion to dismiss the petition.  Doc. 10.  In particular, Respondents state that the United States Immigration and Customs Enforcement (ICE) "has released Petitioner from their custody" and, thus, the petition is moot.  *Id.*, at 1.

An order was entered giving Petitioner an opportunity to respond to the motion if he disagreed with the assertion that his petition was moot because he was released.  Doc. 11.  That order was returned to the Court as undeliverable, doc. 12, and an additional effort to provide the order to Petitioner also failed.  Docs. 13, 14.  No change of address notice has been received from Petitioner, but it appears that he is no longer in custody and it is evident that he has abandoned this litigation.

In light of Petitioner's silence in response to the motion to dismiss, and because court orders cannot reach Petitioner, it is presumed that he has been granted the relief sought.  It is also presumed that Petitioner is in agreement with the motion to dismiss that this case is moot and there is no longer a case or controversy between the parties.  Because Petitioner has received all the relief sought in the petition (release from custody), Respondent's motion to dismiss, doc. 10, should be granted.

It is respectfully **RECOMMENDED** that the motion to dismiss, doc. 10, be **GRANTED**, and Petitioner Antoine Pierre's § 2241 petition, doc. 1, be **DISMISSED as moot** because Petitioner has been released from custody.

**IN CHAMBERS** at Tallahassee, Florida, on July 11, 2006.

        s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**